## Edward Dubois

*v.*

## Lawrence B. Fagan and others.

A mortgage was given in 1873, on lands described as follows : "Commencing at a point formed by the intersection of the easterly line or side of Summit avenue and the northerly line of Charles street, and running thence, &c., * * * and which said lots are more fully

known and distinguished upon a map entitled Map of Johnsonville, * * * dated April 1st, 1854, * * * by the Nos. 70, 71, 72, 73 and 74." After foreclosure of the mortgage and sale, the mortgagor fenced in a strip twelve feet wide, extending along the whole front of the property on Summit avenue, claiming that the description of the mortgage refers to the map, whereas, in 1867, after the map was made, twelve feet on the east side of Summit avenue was vacated, and that only the land within the lines of the lots on the map, excluding the strip of twelve feet, passed under the mortgage.—*Held*, that the mortgage having been given after the vacation of the strip on the east side of the street, the description must be applied to Summit avenue as it existed when the mortgage was given, and included the strip.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. J. C. Besson*, for complainant.

*Mr. G. Van Horn*, for defendant.

THE CHANCELLOR.

By a mortgage made July 1st, 1873, and registered nine days afterwards, the defendant, Lawrence B. Fagan, mortgaged to Henry Quartly, to secure the payment of $3,500 and interest, certain lots of land in Jersey City, described as follows: "Commencing at a point formed by the intersection of the easterly line or side of Summit avenue and the northerly line of Charles street, and running thence, easterly, along the northerly line of Charles street, 100 feet; thence, northerly and parallel with Summit avenue, 120 feet; thence, westerly and parallel with Charles street, 100 feet; thence, southerly and along the easterly line of Summit avenue, 120 feet, to the point or place of beginning; and which said lots are more fully known and distinguished upon a map entitled Map of Johnsonville, made, surveyed and laid out into lots by Beven & Slator, surveyors and civil engineers, dated April 1st, 1854, and filed in the office of the clerk of Hudson county, by the numbers seventy (70), seventy-one (71), seventy-two (72), seventy-three (73) and seventy-four (74)."

Dubois v. Fagan.

The mortgage was, in August, 1873, assigned to the complainant, and it was afterwards foreclosed in this court and the property sold, October 31st, 1878, under the foreclosure, to the complainant. After the delivery of the sheriff's deed, Fagan, the mortgagor, fenced in a strip twelve feet wide along the whole front of the property on Summit avenue, thus cutting away part of the piazza of the dwelling-house.

The bill is filed for an injunction to restrain Fagan and William Flattery, to whom Fagan professes to have conveyed the strip by deed of July, 1876 (in consideration, as he alleges, of various sums of money not specified, lent by Flattery to him at various times between April 17th, 1872, and February 1st, 1876, and to secure or repay which he says the conveyance was made), from destroying or injuring the complainant's buildings, gates, fences, trees or shrubbery, being or growing on the strip, and from prosecuting him to recover possession of the strip, or for damages for alleged trespass thereon, and from disturbing him in the quiet and peaceable possession thereof.

The case presents no difficulty. The claim which the defendants set up to the ·strip, is based upon the fact that the description in the mortgage makes reference to the map of Johnsonville, therein mentioned, whereas, in 1867, after that map was made, twelve feet in width on the east side of Summit avenue, as it then was, in front of the property, was vacated, and the defendants insist that only the land contained within the lines of the lot ·on the map, excluding the strip, passed under the mortgage. But the mortgage was given after the vacation of the part of the street in question, and the mortgaged premises are described therein as being on Summit avenue ; by which is to be understood Summit avenue as it was at the date of the mortgage. By the mortgage, Fagan declared, in effect, that he mortgaged the five lots of land laid down on the map, therein referred to as Nos. 70, 71, 72, 73 and 74, and that they were bounded by Summit avenue as it then was. Not only is he estopped by the description from the claim which he and Flattery now

make, but by the true construction of the mortgage deed, the premises were bounded by Summit avenue as it was at the date of the deed. *Glover* v. *Shields, 32 Barb. 374,* is a case precisely in point.

The injunction will be made perpetual.